NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**A&J MANUFACTURING, LLC** AND **A&J MANUFACTURING, INC.**,
*Appellants,*

**v.**

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

AND

**CHAR-BROIL, LLC,**
*Intervenor.*

---

2014-1742

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-895.

---

**ON MOTION**

---

Before NEWMAN, DYK, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

**O R D E R**

The International Trade Commission ("Commission") moves to dismiss this appeal as premature, or in the alternative to stay the appeal pending the Commission's Final Determination regarding the other issues still pending. A&J Manufacturing, LLC and A&J Manufacturing, Inc. ("Appellants") oppose the motion to dismiss but do not oppose a stay.

This appeal arises out of an investigation by the Commission under section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. Appellants brought a complaint asserting certain outdoor grill products infringed U.S. Patent No. 8,381,712 ("the '712 patent"). On April 17, 2014, the Administrative Law Judge ("ALJ") granted-in-part respondents' motion for summary determination regarding eight of those products, concluding that seven of the accused products do not infringe the asserted claims of the '712 patent and that there was a question of fact as to the remaining product.

On June 24, 2014, the Commission issued notice of its determination to affirm the ALJ's findings of noninfringement of claims 1 and 17 of the '712 patent with respect to four of the accused products, but vacated all of the ALJ's findings with respect to claim 10 of the '712 patent, concluding that the claim contained a means-plus-functions limitation. The Commission directed the ALJ to consider, in the first instance, whether the products infringed under its understanding of the limitation. This appeal followed.

Section 1337(c) of Title 19 provides, in relevant part, that "[a]ny person adversely affected by a final determination of the Commission under subsection (d) . . . may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit." 19 U.S.C. § 1337(c). Subsection (d) deals with orders of the Commission decid-

ing whether or not to exclude articles from entry into the United States as a result of an investigation.

By its terms, § 1337(c) requires: (1) that the Commission render a determination "under subsection (d)," namely, an "administrative decision . . . excluding or refusing to exclude articles from entry," *Block v. Int'l Trade Comm'n*, 777 F.2d 1568, 1571 (Fed. Cir. 1985); (2) that exclusion determination is the "final determination of the Commission"; and (3) the person seeking appeal is "adversely affected" by that final determination.

Those requirements are not met here. Even though the Commission's June 24, 2014 order did not result in the exclusion of articles and Appellants were "adversely affected" by that decision, it is clear that the Commission has not yet issued a "final determination" as to whether to exclude the articles from entry under the '712 patent. To the contrary, pursuant to that order, the ALJ has been directed to assess infringement of all of the accused products that were the subject of the Commission's order, which may or may not lead to a future exclusion order.[*]

Asserting that a final determination as to claims 1 and 17 of the '712 patent has been made, Appellants compare this case to *Broadcom Corp. v. International Trade Commission*, 542 F.3d 894 (Fed. Cir. 2008). There, this court allowed for an immediate appeal from a Commission's determination that left "no provision for Presidential review, or for other administrative proceedings, following a determination that does not lead to an exclusion order." *Id.* at 896 (internal citation omitted).

---

[*] The Commission additionally notes that there are ongoing proceedings relating to accused products that were not subject to the motion for summary determination as well as for products that the Commission denied summary determination.

The circumstances here are far different than in *Broadcom*. The appellant in that case sought review after the adoption of the ALJ's conclusion that there had been no section 337 violation because respondents' chipsets did not infringe the two patents in question. *Id.* The fact that there were no additional proceedings that could have precluded the allegedly infringing goods from being imported logically made the Commission's decision its "final determination" for § 1337(c) purposes.

In contrast, here, given the ongoing proceedings concerning whether the articles infringe the '712 patent under a means-plus-function construction, the issue of whether Appellants can obtain an exclusion order is still before the Commission. As such, there has been no final determination under § 1337(c) that can be appealed to this court at this time. This simply means, as the Commission points out, that Appellants cannot seek review until the Commission issues its final determination.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to dismiss is granted.

(2)  The motion to stay is denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24

ISSUED AS A MANDATE: November 25, 2014